Bradley E. **MURRAY**, individually and on behalf of all persons who are members of an unincorporated association named "Bass Anglers Sportsman Society", Plaintiff,

v.

Helen **SEVIER**, et al., Defendants.

Civil Action No. 94–D–1266–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 20, 1996.

---

Bobby Lee Cook, Cook & Palmour, Summerville, GA, Mark B. Hutton, Derek S. Casey, Hutton & Hutton, Wichita, KS, Robert Blakey, University of Notre Dame Law School, Kresge Law Library, Notre Dame, IN, Randall E. Fisher, Wichita, KS, for Bradley Murray.

Jack H. Watson, Jr., J. Allen Maines, Eric Lang, Long, Aldridge & Norman, Atlanta, GA, for Ray W. Scott, Jr.

Patricia T. Mandt, John H. Morrow, Michael R. Pennington, Matthew H. Lembke, Bradley, Arant, Rose & White, Birmingham, AL, Richard M. Jordan, Benjamin Lee Lock-

lar, Randy A. Myers, Jordan & Myers, P.C., Montgomery, AL, for B.A.S.S., Inc., Helen Sevier.

Patricia T. Mandt, John H. Morrow, Michael R. Pennington, Bradley, Arant, Rose & White, Birmingham, AL, for Jemison Inv. Co., Inc.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is plaintiff's motion filed September 15, 1995, for disqualification pursuant to 28 U.S.C. § 455 and the due process clause of the Fourteenth Amendment. The plaintiff contemporaneously filed a memorandum brief in support of his motion, which he supplemented on September 25, 1995. Defendant Ray W. Scott, Jr., ("Mr. Scott") responded in opposition on October 3, 1995. Defendants Helen Sevier ("Ms. Sevier"), B.A.S.S., Inc., Jemison Investment Company, Inc. ("Jemison"), Karl Dabbs ("Mr. Dabbs"), and James Davis ("Mr. Davis") filed a joint response in opposition on October 3, 1995. The court held a status conference on October 13, 1995, at which time the court addressed several of the concerns raised by the plaintiff in his motion for disqualification. Mr. Murray then submitted additional grounds allegedly requiring disqualification in a supplemental status report filed February 27, 1996. After careful consideration of the relevant case law, the arguments of counsel, and the record as a whole the court concludes that the plaintiff's motion for disqualification is due to be denied.

## PROCEDURAL HISTORY AND FACTS

Plaintiff Bradley Murray ("Mr. Murray") originally brought this action in the United States District Court of Kansas on February 14, 1992. On July 22, 1994, United States District Judge Monti Belot transferred Mr. Murray's action to this court. The court stayed proceedings pending the outcome of a writ of mandamus to the Tenth Circuit Court of Appeals regarding Judge Belot's decision to transfer. The writ was denied, and Mr. Murray's counsel filed the motion for disqualification shortly thereafter.

In the instant action, Mr. Murray, on behalf of himself and the nearly half-million members of Bass Anglers Sportsman Society ("B.A.S.S."),[1] seeks reimbursement of funds that have allegedly been converted, if not stolen, by the aforementioned defendants from B.A.S.S., an unincorporated association. According to Mr. Murray, the defendants conspired to fraudulently obtain these funds through a similarly named corporation, Bass Angler's Sportman Society, Inc. ("B.A.S.S. Inc."). Mr. Murray requests that any misappropriated funds be reappropriated to B.A.S.S. members so that the funds can be used to run B.A.S.S. and accomplish its stated purposes, namely: (1) conservation of the waterways of the United States to enhance its fisheries, with particular emphasis on bass fisheries; (2) the promotion of bass fishing as a sport; and (3) the promotion of fishing among youths.

Mr. Murray asks the undersigned judge to recuse himself on several different grounds. First, Mr. Murray contends that the undersigned judge must recuse himself from the above-styled action because in 1970, while serving as the United States Attorney for the Middle District of Alabama, he signed a legal document which referred to the named defendant, B.A.S.S., Inc., as B.A.S.S., the unincorporated association. Based on this legal document, Mr. Murray concludes that the undersigned judge has "held an opinion for some 25 years about the hottest legal issue in the case," namely whether B.A.S.S. and B.A.S.S., Inc., constitute the same entity. Pl.'s Br. in Sup. of Mot. for Disq. at 25.

Second, Mr. Murray insists that the undersigned judge has personal knowledge of disputed evidentiary facts and is likely to be a material witness in this action concerning the

---

1. Counsel for Mr. Murray argued at the status conference that Judge Belot made all the findings necessary to certify a class. Counsel for defendants disagree. Because this opinion addresses only the disqualification issue, the court reserves ruling on the class certification issue.

role that attorney Morris Dees played in fostering the false image that B.A.S.S. and B.A.S.S., Inc., were the same entity. Specifically, Mr. Murray cites a letter addressing the undersigned judge as "Dear Ira" (" 'Dear Ira' letter") wherein Mr. Dees uses the names B.A.S.S. and B.A.S.S., Inc., interchangeably. Furthermore, Mr. Murray argues that the fact that an affidavit of Ray Scott which allegedly treats the two entities as one and the same is now missing underscores the need to have the undersigned judge testify about this issue, especially given that the undersigned judge, Mr. Dees, and Mr. Scott may be the only possible witnesses to testify as to the contents of the affidavit.

Third, Mr. Murray contends that the undersigned judge should recuse himself because of an appearance of impropriety. In this regard, he notes that Ray Scott, a defendant in this action, appeared on the same stage at a political rally with two supporters of the nomination of the undersigned judge to the federal bench. As such, Mr. Murray suggests that a reasonable person would conclude that the undersigned judge would be biased toward the defendants in this action. Furthermore, Mr. Murray argues that his allegations of mail fraud against the defendants, which would have occurred during the undersigned judge's tenure as United States Attorney, would lead a reasonable person to believe that the undersigned judge would be biased against the defendants. In support of said argument, Mr. Murray cites the undersigned judge's special interest in a mail fraud case while he served as United States Attorney.[2]

## DISCUSSION

Recusal of a federal judge is governed by 28 U.S.C. § 455 and the due process clause of the Fourteenth Amendment. A party seeking to disqualify a judge under 28 U.S.C. § 455(a) must show that the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[3] In regard to § 455(a), it is important to note that Congress amended this section in 1974 to ensure that "judges ... resolve any doubts they may have in

2. Before discussing the merits of Mr. Murray's motion for disqualification, the court believes it is worth repeating Judge Belot's comments in the transfer order concerning plaintiff's assertions. Specifically, Judge Belot wrote the following:

> In a prior brief, plaintiff's counsel argue that transfer to Alabama is inappropriate because it is a "political 'nirvana' to these defendants." According to counsel, Ray Scott is worshipped by the "brainwashed" citizenry of Montgomery and is so powerful and influential that "try[ing] this case before a Montgomery, Alabama, jury would be like trying to persuade a New York City jury that George Steinbrenner really didn't own the Yankees." Plaintiff's counsel also claim that Scott, a former Republican party chairman in Alabama and an acquaintance of President Bush, "helped put a president in the White House ... [and] probably put a judge or two on the bench in Alabama."

> These scandalous remarks, suggesting that an Alabama federal judge would be politically or personally motivated to favor defendants because of defendants' supposed influence in Alabama, are outrageous and offensive. The judicial system is founded upon the precept that all persons stand equal before the law. *Murray v. Sevier*, 156 F.R.D. 235, 257, n. 18 (D.Kan.1994).

> The undersigned judge believes that the colloquy which occurred at the status conference alleviated many of the plaintiff's concerns. In fact, at the conclusion of the conference, Mr. Murray's counsel stated that "in light of what the court has said today, I think there needs to be some revisitation on [the disqualification] issue ... [because] you have at least in my mind resolved many issues." Tr. of Stat.Conf. at 40.

3. The pertinent provisions of Section 455 to the instant action are as follows:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding to which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....
(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy....
(5) He ...
... (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

favor of disqualification." *U.S. v. Kelly*, 888 F.2d 732, 744 (11th Cir.1989). However, the court also emphasizes that "a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Federal Express Corp.*, 974 F.2d 982, 985 (8th Cir.1992). Furthermore, "[i]t is well settled that a judge has 'an affirmative duty ... not to disqualify himself unnecessarily.'" *Securities & Exchange Comm. v. Grossman*, 887 F.Supp. 649, 658 (S.D.N.Y.1995) (citations omitted); *see also, McCann v. Communications Design Corp.*, 775 F.Supp. 1506, 1508–1509 (D.Conn.1991) ("[I]t would be injurious to our entire system of justice to reward a party who has made serious and wholly unsupported allegations of bias by giving that party precisely what he wants ..., [therefore, a] ... judge has an obligation to prevent 'judge shopping' by refusing to recuse himself.")

According to the Eleventh Circuit, disqualification is necessary under the new version of § 455(a) when "an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir.1990) (citations omitted). Under this standard, "even the appearance of impropriety" requires a judge to recuse under section 455(a). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865, 108 S.Ct. 2194, 2205, 100 L.Ed.2d 855 (1988).

Section 455(b), on the other hand, provides certain situations where disqualification is mandatory because "conflicts of interest are readily apparent." *United States v. Alabama*, 828 F.2d 1532, 1541 (11th Cir.1987). According to the Eleventh Circuit, "455(b) is stricter than 455(a) and is concerned with situations that may involve actual bias rather than 455(a)'s concern with the public's perception of the judicial process." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1527 (11th Cir.1988) (citing *United States v. Murphy*, 768 F.2d 1518, 1540 (11th Cir.1985)).

Mr. Murray contends that the undersigned judge should disqualify himself under § 455(a) and/or § 455(b) on several different bases. Mr. Murray first argues that the undersigned judge must disqualify himself under § 455(b)(1) because he has personal knowledge of material disputed evidentiary facts, namely whether he believes that B.A.S.S. and B.A.S.S., Inc., were the same entity. Second, Mr. Murray contends the undersigned judge must disqualify himself pursuant to § 455(b)(3) because he has expressed an opinion concerning the merits of the case by signing a legal document twenty-five years ago that treated the B.A.S.S. association and the B.A.S.S. corporation as the same entity. Third, Mr. Murray maintains that the undersigned judge must disqualify himself under § 455(b)(5)(iv) because his knowledge of the alleged fraudulent scheme and the contents of the missing affidavit of Ray Scott makes him a material fact witness in this action. Last, Mr. Murray contends that, even if the court decides that none of the aforementioned reasons require the undersigned judge to recuse himself pursuant to § 455(b), the "appearance of impropriety" is so strong due to either his political affiliation or special interest in prosecuting mail fraud that the undersigned judge should recuse himself under the due process clause of the Fourteenth Amendment or § 455(a).

## I. Section 455

### A. *Former Political Affiliation*

Mr. Murray first contends that the undersigned judge should recuse himself pursuant to § 455(a) because one of the defendants, Mr. Scott, appeared on stage at a political rally with supporters of the undersigned judge's judicial appointment.

The Eleventh Circuit has made clear that a judge's former political involvement does not necessarily create an appearance of impropriety when political figures or political questions come before the judge. *See United States v. State of Alabama*, 828 F.2d 1532, 1541 (11th Cir.1987) ("[i]t appears to be an inescapable part of our system of government that judges are drawn primarily from lawyers who have participated in public and

political affairs."). In *Parrish v. Board of Commissioners,* the Fifth Circuit held that a judge who was a former member of an association whose by-laws precluded black individuals from membership was an inadequate ground for the judge to disqualify himself from trying a civil rights action. 524 F.2d 98, 101 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).[4] The court specifically noted that "an allegation based on the judge's background [which] states no specific facts that would suggest he would be anything but impartial in deciding the case before him," is insufficient to require a judge's disqualification. *Id.*

■ In the instant action, Mr. Murray attempts to link the undersigned judge's ties to the Republican Party and Ray Scott's ties to the Republican Party as a reason for recusal. Specifically, he notes that Mr. Scott appeared on stage along with former Alabama Congressman Bill Dickinson and Montgomery Mayor Emory Folmar at a rally for then United States President George Bush. Mr. Murray further submits that Congressman Dickinson and Mayor Folmar played a significant role in obtaining the judicial appointment of the undersigned judge. Thus, according to Mr. Murray, Mr. Scott's appearance on stage with two key supporters of the undersigned judge warrants recusal because of an "appearance of impropriety" within the meaning of § 455(a). The court simply does not believe that this speculative chain of reasoning is enough to require disqualification. The court thus finds that Mr. Murray has failed to offer any facts that would lead a reasonable person to believe that the undersigned judge's impartiality could be questioned as a result of his former association with prominent Republicans.

Furthermore, the court emphasizes that § 455(a) requires disqualification only when the judge's impartiality might be questioned by a reasonable person fully apprised of the circumstances. *State of Alabama,* 828 F.2d

at 1541 (emphasis added). In this regard, the undersigned judge indicated at a status conference held on October 13, 1995, in the above-styled action that he has, at best, a tangential relationship with Mr. Scott. Specifically, the undersigned judge noted that he had not seen Mr. Scott in fifteen years. Tr. of Stat.Conf. at 8. Moreover, the undersigned judge added that he telephoned Mr. Scott about four or five years ago to ask him if the Judge Advocate General of the United States Air Force could fish in his pond. *Id.* Mr. Scott declined the undersigned judge's request, telling the undersigned judge that the only people who could fish in his pond were the President of the United States, the Secret Service, his family, and himself. *Id.* at 8, 41. Thus, the court finds, based on these additional facts in addition to those Mr. Murray alleges, that a reasonable observer would not significantly doubt the impartiality of the undersigned judge based on his relationship with defendant Mr. Scott. Therefore, the court further finds that the undersigned judge should not recuse himself from the above-styled action based on his political affiliation.

### B. *Alleged Knowledge and Opinion Concerning Deception*

Mr. Murray next argues that the undersigned judge should recuse himself because he has personal knowledge concerning the alleged deception perpetrated by certain defendants involving the use of the names B.A.S.S. and B.A.S.S., Inc., interchangeably. In support of his contention, Mr. Murray refers the undersigned judge to a lawsuit in which the undersigned judge filed a brief while serving as the United States Attorney for the Middle District. This brief, filed on November 20, 1970, contained a single phrase in which the names B.A.S.S. and B.A.S.S., Inc., were used interchangeably. Mr. Murray argues that the undersigned judge should automatically recuse himself pursuant to § 455(b)(1), § 455(b)(3), and/or

---

4. Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prich-* *ard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

§ 455(b)(5)(iv), in part because the undersigned judge used the names of the two distinct entities interchangeably in the brief he filed as United States Attorney. In further support, Mr. Murray contends that the undersigned judge might have some personal knowledge regarding the alleged misrepresentations by Mr. Scott.

Disqualification is not required solely because a judge has knowledge of, or has given an opinion on, an issue before the court. *Schurz Communications, Inc. v. F.C.C.*, 982 F.2d 1057 (7th Cir.1992) (J. Posner). In *Schurz*, Judge Posner was asked to disqualify himself under § 455(b)(1) because, sixteen years earlier, he had given an affidavit while he was a law professor concerning the same general question that was at issue in the case before him as a judge. Refusing to disqualify himself, Judge Posner stated the following: "I repeat that the affidavit was based on the publicly filed documents in the case and that I was not acting as … a lawyer privy to industry secrets but as a professor of antitrust law." *Id.* at 1061. Judge Posner added that he had "no recollection of having received information from any source other than public documents." *Id.*

Similar to the facts in *Schurz*, the undersigned judge did not have personal knowledge or exposure to either B.A.S.S. or B.A.S.S., Inc. In fact, unlike the facts in *Schurz*, the statements of the undersigned judge at the status conference in the instant action seem to indicate that the undersigned judge did not form an opinion on the issue now before the court. Specifically, the undersigned judge stated that the he did not draft the briefs while he was the United States Attorney; rather he "perfunctorily filed the pleadings that were prepared by the Department of Justice." Tr. of Stat.Conf. at 13. Furthermore, the undersigned judge noted that (1) he had no recollection of signing the pleading; (2) it was also signed by an attorney from the Department of Justice; and, (3) the certificate of service was signed by an Assistant United States Attorney. *Id.* at 15. Thus, just as Judge Posner was not

required to recuse himself for a statement based on publicly filed documents regarding the same general question that was at issue in Judge Posner's pending case, the undersigned judge does not believe that he is required to recuse pursuant to § 455(b)(1) solely because he signed a publicly filed pleading allegedly regarding an issue in the instant action.

Similarly, Mr. Murray's contention that the undersigned judge should disqualify himself because he is likely to be a material witness within the meaning of § 455(b)(5)(iv) is without merit. The plaintiff relies upon unsubstantiated speculation in contending that the undersigned judge is likely to be a material witness. The court notes that undersigned judge is not alleged to have been a member of B.A.S.S., to have had any involvement concerning B.A.S.S. or Mr. Scott, or to possess any knowledge even remotely relevant to this case which is not available to the general public. Instead, Mr. Murray insinuates that the undersigned judge has additional knowledge of the alleged deception in part because he filed a brief containing a single phrase that did not distinguish B.A.S.S. and B.A.S.S., Inc.

The undersigned judge's comments at the status conference indicate, however, that he would not likely be useful as a material witness. As noted above, the undersigned judge routinely filed pleadings as the United States Attorney that were prepared by others, had no recollection of signing the pleading in question, and noted that an assistant United States Attorney signed the certificate of service on the pleading in question. Tr. of Stat.Conf. at 13, 15. Each of these factors tend to show that the undersigned judge not only has no other knowledge of the alleged deception, but also that he never formed an opinion regarding the distinction, or lack thereof, between the entities.

Finally, the undersigned judge finds it interesting that, despite Mr. Murray's knowledge since February 1992 of the brief filed by the undersigned judge while he was serving as United States Attorney, Mr. Murray

**1468**

failed to list the undersigned judge as a fact witness until he filed his motion for disqualification over three years later. Consequently, based on all the facts before the court, the court finds that the undersigned judge is not required to disqualify himself under § 455(b)(5)(iv) because he is not likely to be a material witness within the meaning of this section of the statute.

Last, the court finds that the undersigned judge is not required to recuse himself pursuant to § 455(b)(3). In this regard, courts have held that § 455(b)(3) applies only to opinions expressed by the judge in the same case as that pending before him. *See, e.g., United States v. DiPasquale,* 864 F.2d 271, 278 (3d Cir.1988) ("Section 455(b)(3) ... mandates withdrawal only where the judge is asked to hear the same case in which [he or she] has been of counsel" (internal citations omitted)) (emphasis added). Mr. Murray has failed to allege that the undersigned judge has expressed an opinion in the instant action. Thus, the court finds that recusal is not required under § 455(b)(3).

**C.** *Alleged Knowledge of Missing Affidavit*

Mr. Murray next contends that the undersigned judge has personal knowledge of a missing affidavit executed by Mr. Scott in 1970 and attached to a letter sent to the undersigned judge while the undersigned judge was serving as the United States Attorney. Mr. Murray argues that the undersigned judge should testify as a witness as to the contents of the affidavit since it cannot be found. Because the affidavit is no longer missing,[5] the court finds that the issue is moot. Thus, the court further finds that it is not required to recuse on this basis.

**D.** *Alleged Knowledge of Mr. Dees' Role as Mr. Scott's Attorney and Former Contacts with Mr. Dees*

Mr. Murray contends that if the aforementioned reasons do not convince the under-

signed judge to recuse, that he should disqualify himself because he knows Mr. Dees personally and has served as co-counsel with him in two separate cases. Moreover, he argues that Mr. Dees sent two letters to the undersigned judge about several lawsuits involving B.A.S.S. in the early 1970's in which Mr. Dees addressed the undersigned judge by his first name.

■ The Eleventh Circuit has held that "those trained in the law understand that a judge, or even an advocate, is able to maintain social contacts with other members in the profession without allowing friendships or acquaintanceships to have any impact whatsoever on his/her professional obligations." *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 n. 12 (11th Cir.1988). Nevertheless, when "an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality," a judge must recuse himself. *McWhorter,* 906 F.2d at 678 (citations omitted). In *McWhorter,* 906 F.2d at 678, an individual brought an action against a city. Therein, the plaintiff sought recusal of the judge because the judge and the mayor of the city were business partners and personal friends. In addressing the argument, the Eleventh Circuit affirmed the denial of the motion for disqualification, explaining that "the mayor's connection with the city is insufficient to create the appearance of impropriety." *Id.* at 679. Based on the holding of *McWhorter,* to which the court must adhere, the court finds that the personal contacts between the undersigned judge and Mr. Dees, either of a professional nature or that of an acquaintanceship, do not rise to a level sufficient to produce an appearance of impropriety.

Mr. Murray also asserts that the undersigned judge has knowledge of Morris Dees' role as an attorney for Mr. Scott in 1970. Mr. Murray has failed to produce any evidence that the undersigned judge had any

---

**5.** Mr. Dees, at the request of counsel for the defendants other than Mr. Scott, has furnished a

copy of the "missing" affidavit to all counsel of record in this action. Tr. of Stat.Conf. at 28.

knowledge of the lawsuits that Mr. Dees' filed on behalf of Mr. Scott in 1970. In fact, the undersigned judge stated at the status conference in the instant action that he has "no memory [of the lawsuits] except seeing Morris Dees and Ray Scott on the Today Show with Joe Garragiola, and ... their filing a bunch of cases that were later dismissed." Tr. of Stat.Conf. at 23, 24. The court believes that Mr. Murray's unsupported assertion is insufficient to justify recusal. Therefore, the court finds that a reasonable person with knowledge of all the facts would not conclude that the undersigned judge could not be impartial based on the undersigned judge's alleged knowledge of Mr. Dee's role as attorney for Mr. Scott.

### E.  *Alleged Mail Fraud*

█ Mr. Murray also asserts that the undersigned judge should recuse because he was the United States Attorney for eight years when the defendants were allegedly committing mail fraud. Mr. Murray notes that the undersigned judge told members of the United States Senate during his confirmation process that one of the cases he was most proud to oversee was a mail fraud case. Because of the undersigned judge's statements, Mr. Murray argues that the undersigned judge would appear to be a reasonable person with knowledge of all material facts to be biased in favor of the plaintiffs.[6] However, the court finds that these circumstances clearly do not give an "appearance of impropriety" within the meaning of the statute.

## II.  The Fourteenth Amendment Due Process Clause

█ The Supreme Court of the United States has ruled that the due process clause of the Fourteenth Amendment can be violat-ed if a judge fails to recuse himself where there is a "probability of unfairness" or where the "appearance of justice" is not satisfied. *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955). In *Murchison*, the "judge was doubtless more familiar with the facts and circumstances in which the charges were rooted than any other witness." *Id.* at 138, 75 S.Ct. at 626. Thus, the Court determined that the due process clause required the judge to recuse because his "own personal knowledge and impressions of what had occurred" would be drawn upon. *Id.* The court finds the facts of *Murchison* distinguishable from those of the instant action because the undersigned judge has little, if any, knowledge of the primary question before the court regarding B.A.S.S. and B.A.S.S., Inc. Based on its analysis in Part I of this opinion, the court finds that there is no actual bias or appearance of impropriety that rises to any level that violates the fundamental requirement of the due process clause.

### CONCLUSION

The undersigned judge has carefully considered and addressed all potential conflicts of interests and appearances of impropriety raised by the plaintiff, as well as any reason to recuse known to the undersigned judge. Based on the foregoing analysis, the court finds that plaintiff Bradley Murray's motion for disqualification is due to be denied.

Accordingly, it is CONSIDERED and ORDERED that plaintiff Bradley Murray's motion for disqualification be and the same is hereby DENIED.

█

---

6.  According to counsel for Mr. Murray, Mr. Murray filed his motion for disqualification at least in part to ensure that the defendants would not raise the disqualification issue at a later date if the court's ruling was unfavorable to them. In this regard, the court notes, in case it would be helpful to any potential future motions for disqualification which may be filed in this action, that the defendants vehemently argued, both at the status conference and in their response to Mr. Murray's motion for disqualification, that the undersigned judge is not required to recuse himself in this action.