**Yanisse ADRIAN, Plaintiff,**

v.

**MESIROW FINANCIAL STRUCTURED SETTLEMENTS, LLC, Defendant.**

**Civil No. 08–1180 (FAB).**

United States District Court, D. Puerto Rico.

Dec. 3, 2008.

🗝51(4)

Cherie K. Durand, Paul H. Hulsey, Reynaldo Quinones–Souss, Hulsey Litigation Group, L.L.C., Charleston, SC, Hector J. Quinones–Inserni, San Juan, PR, for Plaintiff.

Bryson M. Geer, Jennifer Hess Thiem, Richard Ashby Farrier, Jr., Nelson Mullins Riley and Scarborough, Charleston, SC, Cheryl A. Green, PHV Richard Scott Atwater, Lusting and Brown, LLP, Francisco E. Colon–Ramirez, Colon & Colon PSC, San Juan, PR, for Defendant.

## OPINION AND ORDER

BESOSA, District Judge.

On November 14, 2008, plaintiff Yanisse Adrian filed a Motion for Disqualification pursuant to 28 U.S.C. § 455(b)(5)(iv) requesting that the undersigned recuse himself from this case. (Docket No. 55). Adrian argues that the undersigned must recuse himself because he is likely to be a material witness in this case. *Id.* The defendant opposed defendant Adrian's motion on December 1, 2008. (Docket No. 57).

For the reasons expressed below, the Court **DENIES** plaintiff Adrian's motion for recusal.

## I. Factual and Procedural Background

This case arises from an underlying personal injury lawsuit entitled *Yanisse Adrian–Silva v. Manley Berenson Montehiedra Management, et al.* (Civil Case No. 03–1890) ("Case 03–1890"), which came before the undersigned. The parties in Case 03–1890 entered into settlement negotiations with the assistance of a structured settlement broker, Mesirow Financial Structured Settlements, LLC ("Mesirow"). Unable to reach an agreement, the parties began trial. While trial was underway, however, the parties reached a settlement.

Before payment was made, plaintiff Adrian moved to vacate the judgment of dismissal that was entered following the settlement and to obtain a new trial. Plaintiff based her motion on allegations that Mesirow failed to assist her in reducing potential tax liability under Puerto Rico law. The Court denied Adrian's motion and ordered her to bring her motion before the Puerto Rico Treasury Department as an administrative proceeding (*see* Civil Case No. 03–1890, Docket No. 387). Adrian did not bring her complaint before the Treasury Department, and instead appealed the Court's denial of her motion; she then voluntarily dismissed that appeal. After this Court's denial of Adrian's request for interest from defendants, Adrian received the full settlement amount agreed upon, and the underlying case was closed. (*See* Civil Case 03–1890 Docket Nos. 399 and 404; Docket No. 43).

In her amended complaint for this case now before the Court, Adrian alleges that, due to misrepresentations made by Mesirow and defense attorneys in the underlying case, she was forced to accept the settlement reached in Case 03–1890 on terms favorable to defendants. (Docket No. 13). Adrian contends that she based her decision to settle on Mesirow's representations that there would be no tax liability consequences levied on Adrian under Puerto Rico's tax provision, Laws of P.R. Ann., tit. 31, §§ 8422(b)(5) and 8547. *Id.* Furthermore, Adrian alleges that Mesirow conspired with defense attorneys in Case 03–1890 to "use the change in the [Puerto Rico] tax law as a hammer" to force Adrian's agreement to settle according to terms favoring the defendants. *Id.*

Adrian now brings a Motion for Disqualification in the current case based on her contention that the undersigned's prior involvement in the underlying case requires his recusal.

## II. Discussion

Title 28 U.S.C. § 455 codifies legal criteria for the disqualification of federal judges. The statute contains two subsections: Section 455(a) issues a general directive that a Justice "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned;" Section 455(b) lists the specific circumstances in which disqualification is mandatory. 28 U.S.C. § 455.

In addition to its two subsections, the disqualification statute reflects two well-noted purposes. First, the statute ensures that "courts must not only be, but must seem to be, free of bias or prejudice." *Id.* Second, the section is intended to prevent litigants from obtaining "recusal on demand" that would provide them with "a veto against unwanted judges." *In re Boston's Children First,* 244 F.3d 164, 167 (1st Cir.2001). An optimum balancing of these two objectives would therefore require that "more than subjective fears, unsupported accusations or unfounded surmise" be the impetus for any disqualification action. *In re United States,* 158 F.3d 26, 30 (1st Cir.1998). Furthermore, "[t]he trial judge has a duty not to recuse himself or herself if there is no objective basis for

recusal." *In re United States*, 441 F.3d 44, 67 (1st Cir.2006) (citations omitted).

■ Adrian requests the disqualification of the undersigned pursuant only to 28 U.S.C. section 455(b)(5)(iv), requiring disqualification when a judge knows that he or she is "likely to be a material witness in the proceeding." Recusal under this provision of the statute is mandatory. *See United States v. Tucker*, 78 F.3d 1313, 1326 (8th Cir.1996); *Renteria v. Schellpeper*, 936 F.Supp. 691, 696 (D.Neb.1996). The purpose of this mandatory disqualification provision is "to prevent a judge from having to pass on the competence and veracity of his own testimony given with respect to a matter presently [sic] in controversy before him." *In re A.H. Robins Co., Inc.*, 602 F.Supp. 243, 250 (D.Kan. 1985) (quoting *In re Continental Vending Mach. Corp.*, 543 F.2d 986, 995 (2d Cir. 1976)).

■ Nevertheless, an assertion that a judge will be a material witness does not lead automatically to disqualification. *See U.S. v. Rivera*, 802 F.2d 593, 601 (2d Cir. 1986). Neither is a judge "compelled automatically to accept as true the allegations made by the party seeking recusal." *In re Martinez–Catala*, 129 F.3d 213, 220 (1st Cir.1997). In fact, a judge is presumed impartial unless the movant can demonstrate through the facts of the case that the criteria for an automatic recusal are met. *See Matter of Horton*, 621 F.2d 968, 970 (9th Cir.1980). "To the extent that facts are in dispute, factual determinations are made by the judge whose recusal is in question, and the same judge also decides whether the facts trigger disqualification, subject always to review on appeal, normally for abuse of discretion." *In re Mar-*

*tinez–Catala*, 129 F.3d at 220 (citing *Town of Norfolk v. United States Army Corps of Engineers*, 968 F.2d 1438, 1460 (1st Cir. 1992)). Therefore, the undersigned shall examine the factual basis for Adrian's recusal motion.

■ Adrian claims it is a "virtual certainty" that the undersigned will be a material witness in this case. This "virtual certainty," however, is not based upon any particularized facts. Instead, plaintiff alleges in conclusory terms that the undersigned's testimony would be either relevant or necessary to the resolution of this case. Furthermore, as becomes clear from the recitation of facts below, Adrian's argument appears to be disingenuous: Adrian takes positions in her current motion running absolutely counter to positions taken in a previously filed motion.

Mesirow filed a Motion to Transfer Venue from the United States District Court for the District of South Carolina to the United States District Court for the District of Puerto Rico.[1] (Docket No. 6). Mesirow argued in that motion that the undersigned's prior experience with the underlying case, specifically his familiarity with the plaintiff and the settlement at issue, would be advantageous to its efficient resolution. *Id.*

Adrian opposed the motion, asserting that Mesirow falsified the extent of the undersigned's involvement in the underlying case and arguing instead that his involvement was insignificant and immaterial to the current case (Docket No. 11). In pertinent part, Adrian's opposition made the following representations:

> ... Defendant first argues that transferring the case would allow [the undersigned] to provide comprehensive reso-

---

**1.** This motion was granted, hence this Court's current jurisdiction. (Docket Nos. 19, 20 and 21).

lution of the dispute. In making this argument Defendant argues that "[the undersigned] has extensive experience with the issues underlying the settlement agreement and the parties involved given his past adjudication of issues relating to the settlement and tax issues." Defendant reasons that jurisdiction should be deferred because [the undersigned] has previously addressed the substantive issues arising in this case. Defendant's argument is absolutely false and based on a misapplication of the facts. Contrary to Defendant's argument, *[the undersigned] had no involvement in any negotiations or settlement discussions.* His only involvement in the underlying settlement agreement and the tax issue was a brief meeting the parties had in [*the undersigned's*] chambers immediately prior to the settling of the case in which the parties informed [the undersigned] of the general terms of the settlement agreement. Furthermore, contrary to Defendant's implications, *[the undersigned] did not address and has absolutely no involvement or personal knowledge of any of the substantive issues arising in this case,* i.e. the misrepresentation that the settlement would not be subject to a retention if it was placed in a structure through Defendant Miserow [sic] . . .

(Docket No. 11 at 10) (emphasis added).

In sum, Adrian's opposition to a venue transfer in the current case argued strenuously that the undersigned had no involvement in any settlement or negotiation sessions in the underlying case and that the undersigned had no involvement or personal knowledge regarding any of the substantive issues that now arise in this case.

Adrian now moves to disqualify the undersigned by taking the exact opposite position. Adrian's motion to disqualify him maintains that "it is clear" the undersigned will be a material witness because "*the Defendant* has consistently stated that [the undersigned] is 'intimately familiar with the plaintiff and this settlement,' 'has extensive experience with the issues underlying the settlement agreement and the parties involved' and 'had extensive involvement in the settlement/mediation.' " (Docket No. 55) (citing Exhibit A, Defendant's Motion to Dismiss or Transfer Venue) (emphasis added).[2] Adrian's current motion quotes liberally from Mesirow's motion to transfer venue and, in fact, literally depends on Mesirow's former motion to make the argument that the undersigned should disqualify himself. Without Mesirow's representations that the undersigned's involvement in the underlying case would assist the efficient resolution of the current case, Adrian would have no basis to make its recusal demand or to make the argument that the undersigned's involvement now makes him likely to be a material witness. Adrian's prior representations, quoted at length above, argued vehemently that the undersigned's involvement was trivial and insignificant. Adrian now asks this Court to credit her equally vehement representations that the

---

**2.** The Court notes that plaintiff's argument regarding the undersigned judge's familiarity with the instant action has no bearing on whether he will be a material witness and appears to be an irrelevant argument brought up to cast doubt on the undersigned's ability to adjudicate this case fairly. In fact, a judge's familiarity with case issues has generally weighed favorably on jurisdictional decisions; as such, familiarity is thought to aid efficient adjudication of a case. *See Calvert Fire Insurance Co. v. Am. Mut. Reinsurance Co.,* 600 F.2d 1228, 1233 (2d Cir.1979). As defendant pointed out in its opposition to plaintiff's motion to disqualify the undersigned, "Courts have noted that they should defer jurisdiction of a dispute to a venue that has previously addressed some of the substantive issues arising in the case." (All citations omitted).

undersigned's involvement in the case is so extensive that he must be considered a material witness in further proceedings, offering as substantiation for her new position only arguments lifted directly from Mesirow's motion.

As explanation for her one hundred and eighty degree turn, Adrian blames Mesirow's choice of affirmative defense. Adrian argues that Mesirow, by accusing Adrian's counsel of malpractice and ethical violations in a motion to disqualify plaintiff's counsel,[3] has inadvertently but necessarily made the undersigned's testimony crucial. (Docket No. 55). According to Adrian, "because of the allegations that Defendant Mesirow has slung in the defense of this case, this Honorable Judge is a material witness ...". (Docket No. 55 at 3). Adrian not only contends now that the undersigned was present for settlement conversations, she also argues that, "It is without controversy that Defendant Mesirow alleges that anyone privy to these conversations would be a material witness" in this case. (Docket No. 55).[4]

This Court wishes plainly to acknowledge the unblushing contradictions and turn-around in plaintiff's factual accounting. While the Court refrains from reading any particular motive from these maneuvers, it can fairly say that the change made to plaintiff's account of proceedings smacks of exactly the sort of abuse that section 455 seeks to protect, in which the mandatory recusal provision is manipulated by unfounded assertions to veto a judge or otherwise influence the case by avoiding its merits. This Court finds such tactics extremely offensive and unbecoming of the legal profession. Offensiveness, however, does not itself negate the plaintiff's contention that the undersigned's disqualification is mandatory under section 455(b)(5)(iv); only facts have that power.

Instead of offering facts indicating just what sort of testimony the undersigned could provide that would aid in the adjudication of this case, Adrian presents the following analogy: "[J]ust as Defendant Mesirow claims that Plaintiff's counsel 'were present and are thus non-cumulative critical key fact witnesses' based upon their presence at settlement meetings, so too is this Honorable Judge, who was present at two of the meetings which Defendant Mesirow specifically states are materially in issue." (Docket No. 55) (citing Docket No. 31 at 3).

Based only on this analogy, and on her new position that the undersigned's involvement in the prior case was extensive, Adrian concludes that "This Honorable Judge is a material witness of the conduct of Mr. Colon during the previous trial and will likely be called upon to refute or substantiate both Defendant Mesirow's allegations and the Plaintiff's own response to those allegations" and that the under-

---

3. Plaintiff refers to Docket No. 31, Motion to Disqualify Plaintiff's Counsel and for a Ruling that Plaintiff Waived the Attorney–Client Privilege.

4. The Court agrees with Mesirow when it again notes the oddity of Adrian's method of argument: "relying on Mesirow's advocacy, which plaintiff claimed was frivolous, to support the motion to disqualify this Court." (Docket No. 57). Instead of making any independent claims or presenting any independent facts, Adrian states her allegation merely by reference to, and in terms of, Mesirow's argument. Adrian almost appears to be telling the Court that Mesirow is by default the party making the demand for the undersigned's disqualification. Adrian provides no affidavit, no sworn statement or any other form of acceptable evidence to support her claim that the undersigned's involvement in the underlying case somehow necessitates his testimony as a material witness. Instead, Adrian relies exclusively on Mesirow's representations in an unrelated motion that Adrian herself formerly disputed for the record.

signed is a material witness "because of information that has come to light in discovery in the present case regarding misrepresentations made to the Court in the prior lawsuit by the defendants there." (Docket No. 55).

Even were the Court to find Adrian's analogy between attorneys and judges as witnesses an apt or accurate one, which it does not, Adrian's claim that the undersigned should be considered a key fact witness does not demonstrate *why* these conversations would require the judge's testimony in particular. This analogy also does nothing to shed light on what occurred during the conversations that allegedly took place in the undersigned's presence that would require his personal testimony and not the testimony of others present. Adrian addresses none of these important questions of fact which would help this Court assess the necessity of the undersigned's disqualification.

Upon this Court's own investigation into the meetings alleged relevant and specifically cited in Adrian's motion to disqualify, on April 16, 2007 and on April 17, 2007, four things became clear, all of which weigh against disqualification. (*See* Case 03–1890, Docket Nos. 369, 370). First, the Court finds that both meetings were duly recorded by the undersigned's court reporter and attended by the courtroom deputy, as well as numerous other individuals from both parties. The presence of so many individuals leads this Court to believe that the undersigned's testimony about whatever issues were discussed at these meetings would not be crucial or non-cumulative.

Second, the Court finds that, according to the minutes filed for each of the meetings, the conversations regarded merely procedural and logistic topics, none of

which, without more evidence presented by the plaintiff, seem to have any material bearing on the critical issues in this case. For example, the minutes from the meeting of April 17, 2007, state in full:

> In chambers, the parties informed the Court that they have reached a settlement agreement. The Court ordered the parties to file a stipulation for voluntary dismissal with prejudice by April 30, 2007 and a proposed judgment. The Court will retain jurisdiction to enforce the settlement. Jury comes into Court. The Court informs the jury that the parties have resolved their differences and that no further trial will be needed. The jury is dismissed.

Case 03–1890, Docket No. 370.

No more information is offered in the minutes from the April 16, 2007 meeting, in which the only reference to in-chambers discussion is as follows: "In chambers, the parties discussed the possibility of reaching a settlement." (Case 03–1890, Docket No. 369.) The minutes themselves do nothing but indicate that two meetings were held in the undersigned's chambers in which conversations regarding settlement occurred. The Court notes that Adrian originally maintained that these conversations were insignificant and the undersigned's presence immaterial and not substantive.

Third, from its investigation of the two April meetings at issue here, the Court finds that Mesirow did not send representatives to participate in either meeting. (Docket No. 31, Exhibit D, affidavit of Mesirow employee). Adrian claims that the undersigned should be disqualified because he witnessed statements made by Mesirow at these two April meetings that bear on the conduct of defense counsel toward plaintiff.[5] It is unclear to this

_____

5. Plaintiff asserts that local defense counsel    for Mesirow has "undertaken a personal ven-

Court why the conduct of local defense attorney Francisco E. Colon–Ramirez (or anyone else) toward plaintiff in settlement conferences would be critical to any of the material issues in this case, which revolve around whether Mesirow made false representations to Adrian about the terms of settlement in order to procure her agreement. As the defendant, Mesirow, noted in its argument against this Court's disqualification, "Plaintiff has not sued attorney Francisco E. Colon–Ramirez claiming that he deprived her of a settlement." (Docket No. 57). Even were Mr. Colon–Ramirez's conduct material to the adjudication of this case, with no Mesirow representative present for either April meeting alleged relevant by plaintiff, the undersigned could not have been witness to any statements made by or on behalf of Mesirow that might bear on defense counsel's conduct or any other issue.

Fourth, the Court's research into the two April meetings shows that Adrian's own counsel was present. Following Adrian's logic, that *all present* at the April settlement meetings are non-cumulative critical key fact witnesses, it would follow that Adrian's own counsel might be subject to disqualification. Though the Court already expressed its view that the conduct of a local defense counsel at these or other meetings does not appear material to the outcome of this case, it nonetheless notes this contradictory and, presumably, unwanted outcome were plaintiff's logic credited.

Based on this Court's own investigation of prior proceedings in this and the underlying case, and lacking any well-developed factual basis for mandatory disqualification, supported by credible, particularized

facts from the plaintiff, and considering the position-shifting in the plaintiff's filings, it would be irresponsible for the undersigned to disqualify himself.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** plaintiff's motion to disqualify the undersigned under 28 U.S.C. § 455(b)(5)(iv). First, the Court notes for the record its concern about the motive for plaintiff's motion, given her initial argument averring opposite factual claims. Second, and more importantly, plaintiff alleges no particularized facts from which the Court could conclude that the undersigned's testimony as a witness would be material to the adjudication of the case. To the contrary, the facts apparent from the plaintiff's motion and from the Court's own examination of the docket in the underlying case do not provide a basis for believing that the undersigned has any materially relevant information. Even assuming *arguendo* that he did, the record indicates that any such information would be available through the testimony of other individuals, including, ironically, plaintiff's own counsel.

**IT IS SO ORDERED.**

detta to deprive plaintiff of her settlement." (Docket No. 55).