ARROWOOD INDEMNITY COMPANY
f/k/a Royal Indemnity Company,
Plaintiff,

v.

The CITY OF WARREN, MICHIGAN,
Patrick McQueeney, as Personal Representative of the Estate of Donald
Ingles, and Michael L. Cristini, Defendants.

and

Michael L. Cristini, Counter-plaintiff
and Third-party Plaintiff

v.

Arrowood Indemnity Company f/k/a
Royal Indemnity Company,
Counter-defendant,

and

U.S. Fire Insurance Co., Third-
party Defendant.

Case No. 13–13938.

United States District Court,
E.D. Michigan,
Southern Division.

Signed April 22, 2014.

Julie E. Nichols, Timothy F. Casey, Collins, Einhorn, Farrell & Ulanoff, P.C., Southfield, MI, Shaun M. Baldwin, Thomas W. Arvanitis, Tressler LLP, Chicago, IL, for Plaintiff.

Elizabeth P. Roberts, Raechel M. Badalamenti, Robert S. Huth, Jr., Kirk, Huth, Lange & Badalamenti, P.L.C., Clinton Township, MI, Luke E. Debevec, John N. Ellison, Reed, Smith, LLP, Philadelphia, PA, Defendants.

Dennis A. Dettmer, Dettmer and Dezsi, Michael R. Dezsi, Law Office of Michael R. Dezsi, PLLC, Detroit, MI, for Counterplaintiff and Third-party Plaintiff.

Carlos Del Carpio, Matthew T. Walsh, Carroll, McNulty & Kull LLC, Chicago, IL, Peter L. Arvant, Stark, Reagan, Troy, MI, for Third-party Defendant.

### OPINION AND ORDER DENYING MOTION TO RECUSE

DAVID M. LAWSON, District Judge.

This case began as an insurance coverage dispute arising from a lawsuit filed by Michael Cristini against the City of Warren and one of its police detectives for wrongful prosecution. Cristini settled his case with the Warren defendants, and the present focus of this case now is upon those settlement negotiations, which Cristini now says in a counterclaim and third-party complaint were infected with fraud by Warren's insurance carriers. Presently before the Court is a motion by one of the insurance companies, United States Fire Insurance Company (USFIC), to disqualify me as the judge presiding in the case because USFIC suggests that I might be summoned as a witness, having conducted the settlement conference in the underlying Cristini case. I heard oral argument on the motion on April 21, 2014 and find that the motion has no merit. It will be denied.

### I.

According to Cristini's counterclaim and third-party complaint, Cristini and Jeffrey Moldowan were charged with and convicted of rape and kidnaping by the Macomb County, Michigan prosecutor, based on an investigation conducted by the Warren police department. Both convictions were overturned, Moldowan and Cristini were subsequently retried and acquitted, and, following their acquittals, Moldowan and Cristini each filed separate lawsuits against the City of Warren and Detective Donald Ingles, among others, for the violation of their civil rights. They each alleged that the City of Warren and Detective Ingles withheld exculpatory evidence in violation of the Fourteenth Amendment and maliciously prosecuted them. Discovery in both cases revealed that the Warren defendants had insurance policies from USFIC and Arrowood Indemnity Company that provided potential coverage for their claims.

In October 2011, the Warren defendants settled with Mr. Moldowan for approximately $2.8 million. Both USFIC and Arrowood contributed to the settlement.

On July 18, 2013, Cristini alleges that counsel for the Warren defendants told Cristini's attorneys that its insurer Arrowood was denying coverage for Cristini's claims and was refusing to contribute to or participate in any potential settlement on behalf of the Warren defendants. That position was publicly confirmed on September 13, 2013 when Arrowood filed an action for declaratory judgment against the Warren defendants denying that Arrowood's policies provided coverage to the City of Warren for the claims asserted by Cristini in his underlying complaint in case number 07–11141. Arrowood also sought to recoup the money that it contributed voluntarily to the *Moldowan* settlement.

Trial in the Cristini case was scheduled to begin on January 7, 2014. Well before then the parties in that case had attempted to settle it on a number of occasions, without success. Sometime around December 18, 2013, I received a telephone call from John Gillooly, defense counsel for the Warren defendants, asking me on behalf of his clients and with the permission of Cristini's lawyers to re-engage the parties in settlement talks. I agreed, and a series of telephone negotiations with the attorneys commenced, culminating in a notice for the parties to appear at the courthouse on December 27, 2013 for an in-person settlement conference. The settlement conference on that date was conducted according to the conventional facilitative mediation format; I acted as the mediator. The attorneys for the parties met in a joint session and stated their respective positions. Mr. Gillooly reported in the joint session that Arrowood's coverage position was unchanged, he calculated and disclosed the maximum amount of the insur-

ance coverage available, and the parties separated into caucuses. I met with each caucus separately and conveyed a change of offer or demand only upon receiving permission from the respective party to state its position to its counterpart. At the conclusion of the afternoon, the parties settled the Cristini case for $1.5 million and recited the terms of the settlement on the record in open court.

Following the settlement, Cristini and the Warren defendants disputed whether the terms of the settlement included releases of liability for Arrowood and USFIC. Cristini apparently refused to sign a release that absolved the insurance companies of liability, since they were not parties to that lawsuit and Arrowood had refused to contribute to the settlement in any event. On January 17, 2014, Cristini filed a motion to enforce the judgment and the City of Warren filed a motion to enforce a "global settlement" with execution of a full and final release. The dispute over the terms of the release was resolved, and on April 11, 2014, I entered a stipulated order dismissing those motions and dismissing the Cristini case with prejudice.

Meanwhile, Cristini filed counterclaims and a third-party complaint in the present coverage case on February 12, 2014, alleging that Arrowood and USFIC committed fraud, silent fraud, civil conspiracy, and negligent misrepresentation. Cristini alleges that Arrowood and USFIC misrepresented the extent and amount of available insurance during settlement negotiations, and that Arrowood actually contributed to the settlement.

The counterclaim and third-party complaint allege that the coverage representations were made by defense counsel for the Warren defendants. However, on March 20, 2014, USFIC filed its motion for recusal, and in an affidavit signed by Carlos Del Carpio, one of USFIC's attorneys, Del

Carpio avers that one of Cristini's lawyers (Michael Dezsi) told him that "Judge Lawson repeatedly stated to counsel for Cristini that Arrowood would not contribute to the settlement." Dkt. 55–1 ¶ 10. At oral argument on the motion, attorney Dezsi stated that Cristini did not intend to rely on any statement by me to prove his fraud claim against Warren's insurers. Del Carpio also averred that Dezsi told him that my statements comprise the basis of Cristini's counterclaim, *id.* ¶ 11, a position contradicted both by the pleadings themselves and Dezsi's statements at the motion hearing. Del Carpio stated that he has not conferred with Mr. Gillooly about the discussions that occurred during the settlement conference. Nonetheless, USFIC persists in its belief that I will be a material witness to the present dispute, and therefore insists that I recuse.

## II.

USFIC predicates its motion to recuse on 28 U.S.C. § 455, the relevant part of which states:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

> (1) Where he has ... personal knowledge of disputed evidentiary facts concerning the proceeding;

> . . .

> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

> . . .

> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

USFIC does not contend that my impartiality can be questioned because I am biased in favor of or against any party. Instead, it posits that I have personal knowledge of a disputed "evidentiary fact," and therefore I am likely to be a "material witness" to the proceeding, because I served as a "conduit" of information concerning the Warren defendants' understanding of their insurers' coverage positions. All of this apparently is based on Del Carpio's telephone conversation with Dezsi, since Del Carpio admitted at the motion hearing that he has not spoken with attorney Gillooly about what he said during the settlement conference, and the counterclaim and third-party complaint make no mention of statements made by me.

A recusal is no small matter. "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir.1987). Judges must not "abdicate in difficult cases at the mere sound of controversy." *In re United States,* 666 F.2d 690, 695 (1st Cir.1981). "That is because the disqualification decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, *but also* the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *In re Allied–Signal Inc.,* 891 F.2d 967, 970 (1st Cir.1989).

USFIC gives two reasons why it thinks I should recuse. It contends that both reasons are compelling, but on closer examination there is not much to either one. *First,* it contends that I have personal knowledge of a disputed evidentiary fact. There are several problems with this argument, which become apparent when one attempts to focus precisely on

what that "evidentiary fact" is. That Arrowood denied coverage was obvious from the start of the negotiations. And that Arrowood refused to contribute to the settlement was made clear by attorney Gillooly both before the December 27, 2013 settlement conference and during the joint session, when he calculated the available insurance coverage. Either way, my "personal knowledge" of those facts derives solely from the performance of my judicial duties. But "[k]nowledge gained from the judge's discharge of his judicial function is not a ground for disqualification under 28 U.S.C. § 455(b)(1)." *Omega Eng'g, Inc. v. Omega, S.A.,* 432 F.3d 437 447–48 (2d Cir. 2005) (refusing disqualification of a magistrate judge who acquired personal knowledge of the disputed terms of a settlement agreement solely from his judicial duty to oversee the settlement conference); *see also United States v. Patrick,* 542 F.2d 381, 390 (7th Cir.1976) ("[F]acts learned by a judge in his judicial capacity cannot be the basis for disqualification" under § 455(b)(1)). "Were it otherwise, no judge could rule on post-trial motions claiming error in the conduct of the trial." *United States v. Widgery,* 778 F.2d 325, 328 (7th Cir.1985). The "rule is not meant to preclude participation of a judge who has obtained knowledge of the case through prior judicial proceedings." *McGuire v. Warner,* 05–40185, 2009 WL 3586527 (E.D.Mich. Oct. 29, 2009) (quoting 46 Am. Jur.2d Judges § 151, *Knowledge of disputed evidentiary facts* ). "Facts learned in a judicial capacity through a review of the evidence presented in court, in pretrial conferences, during plea bargaining, in the course of settlement conferences, or even in separate courtroom proceedings presided over by the same judicial officer, are not facts gathered from an extra judicial source." *Ibid.*

Nor is it clear that the "evidentiary fact" is "disputed." No one disputes that Arrowood denied that it had an obligation to pay anything on the Cristini claim. It filed a lawsuit saying as much. And USFIC could not dispute that John Gilloly, the Warren defendants' attorney, told Cristini's lawyers that Arrowood refused to contribute to the settlement. At the motion hearing, Del Carpio said that he had not even talked to Gillooly. Predicating a recusal motion on such a poorly developed factual record and half-hearted investigation is not responsible advocacy and suggests that other motives are at work. *See In re United States,* 666 F.2d at 695.

USFIC's *second* ground for recusal is that I am likely to be a material witness in the case. Once again, there are several reasons why this is not so. For one, USFIC argues that Cristini's counterclaim is based on statements that I relayed to Cristini's counsel during settlement negotiations. But that is not what Cristini alleges. Instead, his counterclaim alleges that *counsel for the Warren defendants* served as the conduit for the alleged misrepresentations. USFIC also alleges that "[w]ith respect to at least some of these alleged statements, Judge Lawson is likely the only witness other than counsel for Cristini." USFIC's Mot. at 9. But that assertion is speculative at best, and, apparently, largely uninvestigated. " 'Unsubstantiated speculation' about the possibility that the judge will be required to be a material witness concerning a disputed issue is not enough to require recusal." *United States v. Salemme,* 164 F.Supp.2d 49, 78 (D.Mass.1998) (citing *Murray v. Sevier,* 929 F.Supp. 1461, 1467–68 (N.D.Ala.1996)). Recusal is only required where particularized facts demonstrate that a judge will likely testify as a material witness. *Adrian v. Mesirow Fin. Structured Settlements,* 588 F.Supp.2d 216, 219 (D.P.R.2008). Despite USFIC's assertions

to the contrary, there is no factual basis that Cristini's claims rest on anything but what counsel for the City of Warren represented.

■ Moreover, a judge is not required to recuse when there are other available witnesses that could provide the same testimony as that judge. "It is well established that a 'judge is not a material witness where there are other available witnesses who can give the same testimony.'" *McGuire v. Warner*, No. 05–40185, 2009 WL 3756865 (E.D.Mich. Nov. 9, 2009). "If other witnesses or documents are known, then the testimony of the judge is unnecessary." *Cheeves v. S. Clays, Inc.*, 797 F.Supp. 1570, 1582–83 (M.D.Ga.1992); *see also In re O'Farrell*, 498 B.R. 873, 905–06 (Bankr.S.D.Ind. 2013) ("There were ... several others present at the hearing, all of whom can presumably testify as to what occurred.... Debtors have otherwise stated no compelling reason to believe that the Court will be a *material* witness in the Adversary Proceeding and, for that reason, it rejects their argument that recusal is required pursuant to § 455(b)(5)(iv)."); *Stine v. Fetterhoff*, 07–CV–02203–WYD–KLM, 2008 WL 885835 (D.Colo. Mar. 27, 2008) ("A judge is not a material witness where there are other available witnesses who can give the same testimony."); *Adrian*, 588 F.Supp.2d at 220 (denying recusal motion where the plaintiff failed to demonstrate how the court would be a material witness given the presence of "numerous other individuals from both parties" during the settlement conversations). Here, Cristini's lawyers and the Warren defendants' lawyers all are able to furnish information about Arrowood's settlement posturing.

Finally, summoning mediators to give evidence about the parties' discussions during settlement negotiations generally is disfavored. *See NLRB v. Jos. Macaluso, Inc.*, 618 F.2d 51, 52 (9th Cir.1980) (holding that a federal mediator may not be compelled to disclose information communicated to him during private sessions); *Folb v. Motion Picture Industry Pension & Health Plans*, 16 F.Supp.2d 1164 (C.D.Cal.1998) (recognizing a federal mediation privilege); *Smith v. Smith*, 154 F.R.D. 661 (N.D.Tex.1994) (affirming magistrate judge's order quashing subpoena to state appointed mediator to give evidence in federal proceeding about statements made during caucuses in mediation of state court case); *see also* Mich. Ct. R. 2.412(C) (stating that "[m]ediation communications are confidential" and "not subject to discovery"); *cf. Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir.2003) (observing that "confidential settlement communications are a tradition in this country"). One reason for insulating mediators from testifying about discussions during a mediation is to preserve "the perceived and actual impartiality of ... mediators" and to "avoid a breach of [that] impartiality." *Folb*, 16 F.Supp.2d at 1172 (quoting *Macaluso, Inc.*, 618 F.2d at 54, 56 n. 3). When the mediator is a sitting judge conducting a settlement conference in a case assigned to him or her, the need to protect against such compelled testimony is heightened. *See Goodyear Tire & Rubber Co.*, 332 F.3d at 979 (quoting district court's observation that " '[t]he integrity of the mediation process depends on the confidentiality of discussions and offers made therein. Because parties are generally entrenched in their adversarial roles, negotiations often include specific, creative recommendations *by the Court* on how to resolve disputes' "). USFIC has not offered good reasons that justify departure in this case from the general disapprobation against judges testifying about facts learned through performance of the judicial func-

tion of conducting a settlement conference in an assigned case.

### III.

USFIC has not established any of the grounds for recusal set out in 28 U.S.C. § 455. To the contrary, acquiescing in its recusal demand as it has been framed and presented here would permit it to "manipulat[e] the system for strategic reasons," *In re United States*, 666 F.2d at 695, contrary to the interests of justice and "the just, speedy, and inexpensive determination of [this] action," Fed.R.Civ.P. 1.

Accordingly, it is **ORDERED** that the motion for recusal by third-party defendant United States Fire Insurance Company [dkt. # 55] is **DENIED**.